IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWIN LEE ELMORE, Jr. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:12CV25 |
| | § | |
| COLLIN COUNTY, TEXAS | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND
ORDER GRANTING PARTIAL MOTION TO DISMISS

Now before the Court is Defendant Collin County's Motion to Dismiss Plaintiff's State Worker's Compensation Retaliation Claims (Dkt. 12). In this case, Defendant brings claims for violations of the Family Medical Leave Act, the Americans with Disabilities Act, and Section 451.001 of the Texas Labor Code. In its motion, Defendant seeks dismissal of the state law claims regarding Texas Labor Code violations, arguing that its governmental immunity is not waived for any such claims.

In his complaint, Plaintiff alleges that "Defendant, Collin County d/b/a Myers Park and Event Center violation § 451.001 of the Texas Labor Code because [Plaintiff] filed a workers' compensation claim in good faith, hired a lawyer to represent him in a workers' compensation claim, instituted or caused to be instituted a workers' compensation claim in good faith, and/or testified or was prepared to testify in a workers' compensation proceeding." Dkt. 2 at ¶ 6. Section 451.011 of the Texas Labor Code provides: "A person may not discharge or in any other manner discriminate

against an employee because the employee has: (1) filed a workers' compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or (4) testified or is about to testify in a proceeding under Subtitle A." TEX. LAB. CODE. § 451.001.

In Texas, "sovereign or governmental immunity generally protects the government from liability for the performance of governmental functions, such as the hiring and firing of its employees." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 56 (Tex. 2011). And, the Texas Supreme Court has held that, as it is currently written, Section 451.001's Anti-Retaliation Law does not waive a political subdivision's immunity for retaliatory discharge claims. *Id.* In matters of state law, the Court is bound by Texas Supreme Court precedent. Therefore, the Court agrees that Plaintiff's claims under Section 451.001 of the Texas Labor Code should be dismissed. *See id.* ("Because a retaliatory discharge claim may not be brought against the government without its consent and the Political Subdivisions Law no longer provides such consent by waiving the government's immunity, the underlying claim in this case must be dismissed.").

Defendant Collin County's Motion to Dismiss Plaintiff's State Worker's Compensation Retaliation Claims (Dkt. 12) is GRANTED, and Plaintiff shall file an amended complaint within 10 days of the date of this Order.

**SO ORDERED.**

**SIGNED this 30th day of April, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE