IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWIN LEE ELMORE, Jr. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:12CV25 |
| | § | |
| COLLIN COUNTY, TEXAS | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court are Collin County, Texas's Motion for Judgment on the Pleadings (Dkt. 26), Collin County's Motion for Summary Judgment (Dkt. 39), Collin County's Unopposed Motion for Leave to Exceed Page Limits for County's Motion for Summary Judgment (Dkt. 40) and Collin County's Objections to Improper Evidence Provided With Plaintiff's Response to the County's Motion for Summary Judgment (Dkt. 57).

This employment discrimination suit was originally filed in the Northern District of Texas, Dallas, Division on December 29, 2011 and was transferred by agreement of the parties to this District on January 12, 2012. After the transfer, the parties consented to trial before the undersigned.

On April 30, 2012, the Court granted Defendant's partial motion to dismiss Plaintiff's state worker's compensation retaliation claims and ordered Plaintiff to file an amended complaint. Plaintiff thus filed Plaintiff's Amended Complaint on May 9, 2012. Plaintiff's amended complaint alleges that Defendant terminated his employment on or about January 7, 2011 when he had

1

scheduled a back surgery for February 16, 2011. Plaintiff alleges that Defendant violated the Family Medical Leave Act and the Americans with Disabilities Act.

In its motion to dismiss, Defendant makes the following arguments: (1) Plaintiff has failed to allege a plausible ADAAA accommodation claim; (2) Plaintiff has failed to plead a viable claim for a violation of the FMLA; (3) Plaintiff has failed to plead an FMLA interference claim; and (4) Plaintiff has failed to state a retaliation claim under either the FMLA or ADAAA.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

**MOTION TO DISMISS ANALYSIS**

*ADAAA Claim*

The Court agrees with Defendant that Plaintiff's complaint fails to state a claim under the ADAAA. Under the ADAAA,[1] "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112(a). Under the newly amended ADAAA, the term disability means: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))"[2] 42 U.S.C.A. § 12102(1).

---

[1] The ADA was amended in 2008 and the resulting ADAAA thus applies to the facts alleged which occurred in 2011.

[2] "For purposes of paragraph (1)(C): (A) An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been

3

Historically, a plaintiff asserting disability discrimination must show that (1) he suffers from a disability; (2) he is qualified for the job; (3) he was subject to an adverse employment action; and (4) he was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Milton v. Texas Dept. of Criminal Justice*, 707 F.3d 570, 573 (5th Cir. 2013). No Fifth Circuit cases have been published setting forth the elements of a post-2008 ADAAA claim, however, there is nothing that would indicate that these general elements have changed. And, in any event it is clear that a showing of a disability under the statute is required. "To state an ADAAA claim, a plaintiff must, as a threshold requirement, allege facts supporting an inference that he has a 'disability' within the meaning of the Act." *Fierro v. Knight Transp.*, 2012 WL 4321304, 3 (W.D. Tex. 2012) (citing *Waldrip v. Gen. Elec. Co.,* 325 F.3d 652, 654 (5th Cir. 2003).

In his complaint, Plaintiff claims that he was discriminated and retaliated against in violation of the ADAAA but fails to state what his purported disability is. The only reference to any sort of physical or mental condition is to a back surgery, and, as to that, Plaintiff does not allege any impairment. Moreover, no facts in Plaintiff's complaint state how any apparent back condition substantially limits one or more of his life activities. To state a claim under the ADAAA, an impairment must limit or be perceived as limiting a major life activity. 42 U.S.C. §12102(1). Plaintiff's reference to back surgery alone does not meet the pleading requirements under the Federal Rules and does not even state in a conclusory manner the basic elements of an ADAAA claim – a

---

subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C.A. § 12102(3).

4

disability.

Moreover, no facts are even alleged in the complaint regarding the job Plaintiff had (or was qualified for) and that he was treated less favorably than others. The pleadings deadline has passed, and there is is simply not enough in Plaintiff's amended complaint to state a disability claim.[3] The motion to dismiss is GRANTED as to Plaintiff's claims under the Americans With Disabilities Act 42 U.S.C. § 12101, *et seq.,* for failure to state a claim.

*FMLA Claim*

Defendant has also argued that Plaintiff has failed to state a claim under the FMLA. "The FMLA was enacted to permit employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (citing 29 U.S.C. § 2601(b)(2)).

As the Fifth Circuit has explained, the FMLA involves two kinds of provisions:

> The provisions in the first set are prescriptive: they create a series of substantive rights, namely, the right to take up to twelve weeks of unpaid leave under certain circumstances. The provisions in the second set are proscriptive: they bar employers from penalizing employees and other individuals for exercising their rights.

*Id*. A plaintiff asserting a proscriptive retaliation claim under 29 U.S.C. § 2615(a)(2), must show

---

[3]The Court notes that in its reply to the motion to dismiss, Defendant correctly pointed out that Plaintiff would need to demonstrate good cause under Federal Rule of Civil Procedure 16 to file an amended pleading after the Court's deadline. Since the filing of that reply – more than seven months ago – Plaintiff has made no efforts to demonstrate such good cause for the failure to timely amend his pleadings to set forth sufficient facts in support of his ADAAA claims. Without any explanation as to the paucity of factual allegations regarding his disability, no amendment will be allowed.

that (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and that (3) either (a) he was treated less favorably than an employee who had not requested leave under the FMLA or (b) the adverse decision was made because he took FMLA leave. *Id.* A plaintiff making a *prima facie* case for interference under Section 2615(a)(1) of the FMLA must demonstrate the he was entitled to the benefit, *i.e.*, that he suffered from a "serious medical condition that prevented [him] from working" so that his leave is protected under the statute, and that the benefit was denied. *Garner v. Chevron Phillips Chem. Co., L.P.,* 834 F. Supp.2d 528, 542 -543 (S.D. Tex. 2011); *see also Cuellar v. Keppel Amfels, L.L.C.*, __ F.3d. __, 2013 WL 4789847, 4 (5th Cir. 2013) ("To succeed on her § 2615(a)(1) claim, Cuellar must at least show that Keppel Amfels interfered with, restrained, or denied her exercise or attempt to exercise FMLA rights, and that the violation prejudiced her.").

     Here, Plaintiff has alleged that he was not given any light duty work, that he was replaced by another employee, and that he was terminated after he scheduled back surgery. *See* Dkt. 22 at ¶6. Although Plaintiff does not specifically state facts as to the nature of his back condition, the Court finds that, although barely, Plaintiff has pleaded enough facts in his amended complaint, which if true, allow the Court to draw the reasonable inference that Defendant is liable for an FMLA violation. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Because Plaintiff has stated facts raising "a right to relief above the speculative level" and into the "realm of plausible liability" for violation of the FMLA, the Court will not dismiss the claim under Rule 12(b)(6), and the motion to dismiss Plaintiff's FMLA claim is thus DENIED. *Twombly*, 550 U.S. at at 555, 557 n.5.

The Court next turns to Collin County's Motion for Summary Judgment (Dkt. 39) and whether the summary judgment record creates enough of a fact issue as to Plaintiff's FMLA claims to proceed to trial. In this regard, Collin County's Unopposed Motion for Leave to Exceed Page Limits for County's Motion for Summary Judgment (Dkt. 40) is GRANTED and the Court has considered the motion filed in its entirety.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of

7

evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**SUMMARY JUDGMENT ANALYSIS**

In support of its motion for summary judgment, Defendant has submitted the following summary judgment evidence: (1) deposition excerpts of Plaintiff, with deposition exhibits; (2) deposition excerpts of Meyers Park & Recreation Center Director Judy Florence ,with deposition exhibit; (3) deposition excerpts of Jeff Durham; and (4) deposition excerpts of Collin County Human Resources Director Cynthia Jacobson, with deposition exhibit. *See* Dkts. 39-1 – 39-12 . In response, Plaintiff offers a 53-page appendix, including Plaintiff's declaration, various personnel and policy documents and internal email correspondence from Collin County, Texas Workers' Compensation Work Status reports and physician advisor reports for Plaintiff, and Florence deposition excerpts.

8

*See* Dkt. 52-1.

In its summary judgment reply, Defendant argues that Plaintiff has failed to address its arguments regarding his FMLA interference claim and it should be considered abandoned. *See* Dkt. 56. Plaintiff did not file any surreply to respond to this argument, and the Court agrees that Plaintiff's summary judgment response does not address in any specific way a prescriptive interference claim under the FMLA. Because the burden is on Plaintiff to demonstrate a fact issue as to his claims – and at the very least to make clear to the Court which claims he seeks to pursue under the FMLA – summary judgment is GRANTED for Defendant as to any FMLA interference claims alleged.

This leaves only Plaintiff's claim of FMLA retaliation. "The Fifth Circuit applies the *McDonnell Douglas* framework to analyze retaliation claims under the FMLA, noting that there is no significant difference between such claims under the FMLA and similar claims under other anti-discrimination laws." *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 768 (5th Cir. 2001) (internal citations omitted). As noted above, a plaintiff asserting a retaliation claim must first make a *prima facie* case showing that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and that (3) either (a) he was treated less favorably than an employee who had not requested leave under the FMLA or (b) the adverse decision was made because he took FMLA leave. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Once the plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Hunt*, 277 F.3d at 768; *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Once the defendant

makes this showing, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's reason is pretextual. *Id.*

As stated simply by Plaintiff in his summary judgment response, Plaintiff went to work for Defendant in 1989, was injured February 10, 2010, had to take off intermittently from August 2010 until November 2010, told his supervisors in December of 2010 that he needed to have surgery in January 2011, (and time off to recover from his surgery), and was terminated January 7, 2011.

Having reviewed the summary judgment record here, the Court finds that there is likely sufficient evidence to create a fact issue regarding whether Plaintiff suffered an adverse employment decision, whether he was treated less favorably than others, and whether any adverse decisions were made because of his intermittent FMLA leave. The Court further finds that there is a probable fact issue as to the County's nondiscriminatory reasons for Plaintiff's treatment and termination and that Plaintiff has created sufficient issue as to whether such explanations were pretextual. Notably, Plaintiff's termination came only a few days after Plaintiff informing his supervisors that his surgery was confirmed for January 2011 and after almost 30 years of employment. If that were the entirety of the Court's inquiry, the Court finds that the case would likely be appropriate for trial, as discussed at the final pretrial conference held before the undersigned on September 10, 2013.

However, before proceeding to trial, the Court must also address Defendant's argument that Plaintiff cannot show a *prima facie* case of FMLA retaliation because he had already exhausted his 12 weeks of leave – and according to Defendant even exceeded it by 53 days – before notifying the County of his scheduled back surgery and then being terminated.

The majority of Plaintiff's pre-surgery leave was in the Fall of 2010. Plaintiff was not terminated until the first week of 2011. "The FMLA only requires that an employer grant each employee twelve weeks of leave each year for FMLA-qualifying reasons, such as a serious health condition." *Mahoney v. Ernst & Young LLP*, 487 F. Supp.2d 780, 801 (S.D. Tex. 2006). Thus, how the 12-month leave year is determined is critical to Plaintiff's claims here.

According to the summary judgment evidence, the County's policies provide for a "rolling" 12-month leave period measured from the date the employee first uses leave. *See* Dkt. 39-7 at 6. This complies with 29 C.F.R. § 825.200(b)(4)'s provisions regarding the employer's definition of the 12-month leave period. 29 C.F.R. § 825.200(b)(4).

According to Plaintiff's own summary judgment response, his FMLA leave started in August 2010 and was exhausted by November 2010. *See* Dkt. 52 at 6 & 7 ("Elmore at the County's insistence was placed on FMLA leave on 8/24/2011."; "On 11/15/2010 Elmore's twelve (12) weeks was exhausted."). Therefore, because the County determines leave on a "rolling" 12-month period (rather than a calendar year), he was entitled to no further leave for surgery or otherwise under the FMLA until August 2011 – some eight months after his termination.

While Plaintiff appears to take issue with the County's policy that accruals of paid time off and compensatory time run concurrently with FMLA leave time and do not extend the leave period, *see* Dkts. 39-6 and 39-7, such a construction of leave policies appears to be permitted under the regulations and caselaw. 29 C.F.R. § 825.207(a).[4] *See also Mahoney v. Ernst & Young LLP,* 487

---

[4]The Regulations provide:

"Generally, FMLA leave is unpaid leave. However, under the circumstances described in this section,

F. Supp.2d 780, 801 (S.D. Tex. 2006) (FMLA does not dictate that long-term disability leave shall not run concurrently with FMLA leave).[5]

More importantly, Plaintiff's response to the summary judgment motion fails to address whatsoever Defendant's claim that FMLA leave was no longer available to him at the time of his termination. Without Plaintiff citing to anything in the summary judgment record to counter Defendant's argument, the Court finds that Plaintiff has failed to create a genuine issue of material fact as to an element of his *prima facie* case of FMLA retaliation – that he was protected under the FMLA at the time he was terminated.

If Plaintiff had exhausted his leave and was no longer entitled to leave pursuant to the FMLA, no fact issue as to the reasons for his termination will save his claim. *Bailey v. Lane Furniture*

---

FMLA permits an eligible employee to choose to substitute accrued paid leave for FMLA leave. If ***an employee does not choose to substitute accrued paid leave, the employer may require the employee to substitute accrued paid leave for unpaid FMLA leave.*** The term substitute means that the paid leave provided by the employer, and accrued pursuant to established policies of the employer, will run concurrently with the unpaid FMLA leave. Accordingly, the employee receives pay pursuant to the employer's applicable paid leave policy during the period of otherwise unpaid FMLA leave. ***An employee's ability to substitute accrued paid leave is determined by the terms and conditions of the employers normal leave policy***. When an employee chooses, or an employer requires, substitution of accrued paid leave, the employer must inform the employee that the employee must satisfy any procedural requirements of the paid leave policy only in connection with the receipt of such payment. See § 825.300(c). If an employee does not comply with the additional requirements in an employer's paid leave policy, the employee is not entitled to substitute accrued paid leave, but the employee remains entitled to take unpaid FMLA leave. Employers may not discriminate against employees on FMLA leave in the administration of their paid leave policies." 29 C.F.R. § 825.207(a) (emphasis added).

[5]No published Fifth Circuit opinion has addressed the scope of 29 C.F.R. § 825.207(a) as it applies to compensatory, catastrophic and paid time off. However, in *Bell v. Dallas County*, the Fifth Circuit, in an unpublished opinion, noted that a County's requirement that an employee use all of his sick and annual leave before he could use his intermittent FMLA leave was in compliance with the section's requirements. *Bell v. Dallas County,* 432 Fed. Appx. 330, 331-332 (5th Cir. 2011). .

*Indus., Inc.*, 2009 WL 1675922, 5 (N.D. Miss. 2009) ("when an employee's discharge, or the filling of the position the employee held, occurs after the employee has exhausted the protected leave under the FMLA, she cannot establish a *prima facie* case that an FMLA retaliation violation has occurred.") (citing *Hunt v. Rapides Healthcare Sys., LLC,* 277 F.3d 757, 763–64 (5th Cir. 2001)).

Because the Court finds that summary judgment should be granted based on Plaintiff's exhaustion of his 12-week FMLA leave prior to termination, the Court need not address Defendant's objections to Plaintiff's summary judgment evidence. Even considering all of Plaintiff's summary judgment evidence, without any citation to any authority from Plaintiff to the contrary, the fact that he had exhausted his 12 weeks of leave almost two months before termination is fatal to his claim. As such, Collin County's Objections to Improper Evidence Provided With Plaintiff's Response to the County's Motion for Summary Judgment (Dkt. 57) is DENIED as MOOT.

Collin County, Texas's Motion for Judgment on the Pleadings (Dkt. 26) is GRANTED as to Plaintiff's ADAAA claim and Collin County's Motion for Summary Judgment (Dkt. 39) is GRANTED as to Plaintiff's FMLA claim. Plaintiff shall take nothing by his claims here, all costs shall be awarded to Defendant, and the matter shall be closed on the Court's docket.

**SO ORDERED.**

SIGNED this 30th day of September, 2013.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE